UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LYLES,

    Plaintiff,

v.

KEITH PAPENDICK, ET AL.,

    Defendant.

Case No. 19-10673
Honorable Laurie J. Michelson

**ORDER OF PARTIAL DISMISSAL**

This is a pro se prisoner civil rights case. Andrew Lyles is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He asserts claims under 42 U.S.C. § 1983 against eleven defendants: nine employees of the Michigan Department of Corrections (MDOC), MDOC director Heidi Washington, and Corizon Medical Services. Lyles alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He seeks declaratory and monetary relief. For the reasons discussed below, the Court summarily dismisses Defendants Heidi Washington and Corizon Medical Services.

I.

Lyles's claims center around the medical care he received (or did not receive) for severe ulcerative colitis. Lyles states that his symptoms began in October 2016 with the onset of severe abdominal pain and bloody diarrhea. (ECF No. 1, PageID.4.) Lyles describes worsening symptoms over the next eleven months including "oozing, painful [pustules] all over his body, throat, and mouth." (*Id.*) He also describes severe weight loss, bloody diarrhea, and fevers, among other symptoms. (*Id.*) He claims that certain defendants provided him antacids and bacterial ointment, which provided no relief. (*Id.*)

When Defendants finally and, according to Lyles's allegations, belatedly performed a colonoscopy, the disease had progressed to such an extent that he required immediate and lengthy hospitalization. (ECF No. 1, PageID.5.) Lyles spent seven consecutive weeks in the hospital and returned for another week after being released from the hospital. (*Id.*) Lyles alleges that the delayed and inadequate medical care defendants provided resulted in the unchecked, and debilitating progression of the disease. (*Id.*) He also alleges that the delayed and inadequate medical care subject him to a lifetime increased risk of colon cancer. (*Id.*)

## II.

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). "In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

**III.**

Lyles alleges that Defendants Heidi Washington and Corizon Medical Services violated his rights under the Eighth Amendment "by implementing, directing, and perpetuating statewide customs and practices of MDOC health care medical providers which caused serious harm, pain, and risk to Plaintiff." (ECF No. 1, PageID.19–20.) Lyles general and conclusory allegations fail to state a plausible claim against Defendants Washington and Corizon.

The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel or private corporations, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Lyles fails to allege that either of these defendants actively engaged in unconstitutional behavior. Instead, he asserts conclusory allegations that they had policies or customs that caused him serious harm and pain. But he does not identify or even explain the policies. The Sixth Circuit has held that "bare allegations of a custom or policy … are insufficient to establish entitlement to relief." *Broyles v. Correctional Medical Services, Inc.*, 478 F. App'x 971, 976 n.1 (6th Cir. 2012). Lyles fails to plead any specific facts suggesting that the execution of a policy created by Defendant Washington or Corizon caused the alleged Eighth Amendment violations and they will be dismissed from this action.

**IV.**

The Court concludes that Lyles fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Defendants Heidi Washington and Corizon Medical Services and they are DISMISSED.

Lyles's claims against the remaining Defendants survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: July 18, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, July 18, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager