UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW LYLES,<br><br>    Plaintiff,<br><br>v.<br><br>KEITH PAPENDICK, M.D.,<br>SHARON OLIVER, M.D.,<br>DONNA ROHRS, N.P.,<br>and JOSHUA BUSKIRK, P.A.,<br><br>    Defendants. | Case No. 19-10673<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

**OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION [31], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [23]**

Plaintiff Andrew Lyles began suffering from severe gastrointestinal symptoms in 2016, while incarcerated. He was ultimately diagnosed with ulcerative colitis and hospitalized for seven weeks. Lyles alleges that the members of the prison health care staff failed to provide him with appropriate and timely medical treatment in violation of the Eighth Amendment. (ECF No. 1.) The Court previously dismissed Lyles' claims against Defendants Heidi Washington and Corizon Medical Services. (ECF No. 6.) The remaining defendants, physician assistant Joshua Buskirk, physician assistant Donna Rohrs, Dr. Sharon Oliver, and Dr. Keith Papendick, filed a motion for partial summary judgment asking the Court to dismiss Lyles' claims for failure to exhaust administrative remedies. (ECF No. 23, PageID.92.) Magistrate Judge Michael J. Hluchaniuk recommends that the Court grant in part and deny in part Defendants' motion. (ECF No. 31.) Lyles objects. (ECF No. 32.) The Court overrules Lyles' objections and fully adopts the Report and

Recommendation. Summary judgment will be granted in favor of Buskirk and Rohrs, but Lyles is permitted to proceed on his claims against Oliver and Papendick.

## I.

Lyles alleges that while incarcerated at Lakeland Correctional Facility in October 2016, he began experiencing severe lower abdominal pain and bloody diarrhea. (ECF No. 1, PageID.4.) He alleges that his health steadily declined as he suffered from worsening symptoms including abscessed sores, bloody stool, and ulcers. (ECF No. 1, PageID.4; ECF No. 23-1, PageID.108–112.) Despite repeatedly requesting care from medical staff, Lyles claims Defendants failed to timely diagnose and properly treat his medical condition. After repeated requests, Lyles was finally given a colonoscopy and diagnosed in June 2017 with ulcerative colitis, an inflammatory bowel disease that causes long-lasting inflammation and ulcers in the digestive tract. (*Id.* at PageID.108.) Later that summer, Lyles spent seven weeks in the hospital to treat his colitis and acute anemia. (*Id.*; ECF No. 1, PageID.5.) Due to the delayed and inadequate medical care, says Lyles, the progression of his ulcerative colitis caused unnecessary suffering, lengthy hospitalization, and lasting effects such as the increased risk of colon cancer. (ECF No. 1, PageID.5; ECF No. 26, PageID.138.) Lyles alleges that each of the four Defendants played a role in denying him proper care. (ECF No. 1, PageID.6–11.)

Defendants argue that the majority of Lyles' claims must be dismissed because he did not properly exhaust his complaints through the prison grievance process as required by the Prison Litigation Reform Act. (ECF No. 23, PageID.103.)

During the time period in question, Lyles filed two relevant prison grievances. Lyles filed grievance 0587 in May 2017 alleging that Dr. Oliver and her superiors failed to provide him proper medical care and treatment. (ECF No. 23-1, PageID.110.) In October 2018, Lyles filed grievance

0990, in which he again complained about the health care team's treatment of his ulcerative colitis throughout 2017. (*Id.* at PageID.108.) The Defendants conceded that Lyles exhausted grievance 0587 against Oliver only and argue that neither of Lyles' grievances were properly exhausted against Papendick, Buskirk, and Rohr.

In his response to Defendants' motion for summary judgment, Lyles argued that he properly exhausted both of his grievances and that the grievances were general enough to include his complaints against Papendick, Buskirk, and Rohrs.

Magistrate Judge Hluchaniuk recommends finding that grievance 0587 was exhausted against Oliver and Papendick but not against Buskirk and Rohrs. As for grievance 0990, Magistrate Judge Hluchaniuk recommends finding the grievance not exhausted against all four defendants.

## II.

A district judge reviews a party's objection to issues addressed in a magistrate judge's report and recommendation de novo; the district judge is not obligated to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

## III.

Lyles filed two objections to Magistrate Judge Hluchaniuk's report and recommendation.

### A.

First, Lyles objects to Magistrate Judge Hluchaniuk's finding that grievance 0587 is not exhausted against Buskirk or Rohrs. Magistrate Judge Hluchaniuk found that Lyles had not identified Buskirk or Rohrs in the 0587 grievance. Lyles argues that his reference to "MDOC Health Care" in his grievance clearly encompasses Buskirk and Rohrs in their capacity as his health care providers. (ECF No. 32, PageID.205.) Lyles also recaps the points he made in his response

brief, which Magistrate Judge Hluchaniuk appropriately addressed in his Report and Recommendation.

Failure to specify in a grievance individuals who are later identified is not necessarily fatal to a prisoner's suit. Fair notice of claims against a defendant is enough to surpass the exhaustion requirement since notice gives the defendant an opportunity to resolve the issue. *Moffat v. MDOC*, 2010 WL 3906115, *7 (E.D. Mich. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2006). However, grievance 0587 did not provide fair notice to Buskirk and Rohrs.

In his grievance, Lyles references Dr. Oliver and her supervisor, Dr. Papendick. (ECF No. 23-1, PageID.112.) Lyles makes no mention of Buskirk or Rohrs. Nor are there any mentions of specific actions or situations tied to Buskirk or Rohrs that would enable the prison to identify them as the individuals involved, or place the prison or the individual defendants on notice.

In his objection, Lyles highlights the fact that the prison's response to his grievance mentioned MDOC Health Care and that he was evaluated on multiple occasions and received several diagnostic tests. (ECF No. 32, PageID.206–07.) So he says the response should be interpreted broadly. (*Id.*) But Lyles does not explicitly say that these references are connected to Buskirk and Rohrs, so that point does not help advance his argument. In contrast, the record suggests that these references are to Oliver and Papendick rather than Buskirk or Rohrs because the former were the health care providers who oversaw Lyles' care and had the authority to order procedures.

Also, because Lyles specifically named Oliver and Oliver's supervisor in his grievance, but not Buskirk or Rohrs, prison officials would reasonably assume that Lyles was grieving against

only Oliver and Oliver's supervisor. As a result, Magistrate Judge Hluchaniuk appropriately found that Buskirk and Rohrs should be dismissed as to the claims surrounding grievance 0587.

The Court notes Lyles' point that the grievance covers more than just the colonoscopy. (ECF No. 32, PageID.206.) It also covers symptoms and treatment related to his condition. But this objection does nothing to further Lyles' argument that the grievance applies to Buskirk and Rohrs.

The Court thus overrules Lyles' objection and adopts Magistrate Judge Hluchaniuk's recommendation to find that grievance 0587 is properly exhausted as to Dr. Oliver and Dr. Papendick, but not P.A. Buskirk or P.A. Rohrs.

**B.**

In his second objection, Lyles takes issue with Magistrate Judge Hluchaniuk's finding that grievance 0990 was not taken through step III of the grievance procedure. In his objection, Lyles seems to argue that because Magistrate Judge Hluchaniuk admitted that the two grievances were nearly identical, and because the 0587 grievance was exhausted, all matters addressed in grievance 0990 should also be considered exhausted. (ECF No. 32, PageID.207–208.) While grievance 0587 addressed the failure to provide adequate treatment and a colonoscopy, grievance 0990 addressed the same underlying health condition and added allegations, including the failure to diagnose his ulcerative colitis and causing his hospitalization. So in Lyles' view, if the 0587 grievance is exhausted, so too the 0990 grievance. (Notably, this argument is not applicable to Rohrs or Buskirk, since the Court has concluded that grievance 0587 is not exhausted against those defendants and they are not named in the 0990 grievance, either.)

But Lyles' argument does not address Magistrate Judge Hluchaniuk's finding that grievance 0990 was not exhausted against any of the four defendants because it was not timely

filed. (ECF No. 31, PageID.200.) The events Lyles described in grievance 0990 occurred in 2017. But Lyles did not file grievance 0990 until October 2018, after he received a copy of his medical records. Lyles argued in his response brief that the grievance was not untimely because he filed it as soon as he received his records. But Magistrate Judge Hluchaniuk rightly points out that although Lyles may not have been aware of the details and names of all involved in his care until receiving his medical records, Lyles was "certainly aware of the care he received or did not receive." (ECF No. 31, PageID.200.) Additionally, Lyles did not try to resolve the issue with staff before filing a grievance, which is procedurally required for proper exhaustion. (*Id.*) Consequently, Magistrate Judge Hluchaniuk found that grievance 0990 was untimely filed and the claims contained therein against all four defendants are not exhausted.

Lyles' contention that he was prohibited from filing duplicative grievances on the same issue under threat of sanction also does not address the timeliness issue. The Court agrees with Magistrate Judge Hluchaniuk's analysis of this issue and adopts his recommendation to find that grievance 0990 is not properly exhausted and thus cannot be used to support Lyles' claims.

However, to the extent that Lyles' complaints in grievance 0990 were also included in his first grievance, the 0587 grievance, the Court will not bar Lyles from pursuing those claims against Oliver and Papendick. Lyles' ulcerative colitis is an ongoing condition and Lyles' original grievance included complaints relating to his symptoms, treatment, and delayed diagnosis. So in litigating his case against Oliver and Papendick, Lyles will be able to include all claims related to his symptoms and treatment leading up to his colonoscopy and hospitalization, as well as any follow-up care as a result of the findings of the colonoscopy or due to the delay in diagnosis. *See Ellis v. Vadlamudi*, 568 F. Supp. 2d 778, 781–84 (E.D. Mich. 2008) (finding that for an ongoing condition, a grievance that specifies continued failure to remedy the condition is considered timely

6

for events occurring after the grievance); *Johnson v. Johnson*, 385 F.3d 503, 521 (5th Cir. 2004) (finding that the prisoner could not have been expected to file a new grievance each time he was assaulted after his initial grievance that he was not being protected from assault).

### IV.

For the reasons stated above, the Court OVERRULES Lyles' objections (ECF No. 32), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 31), and GRANTS IN PART AND DENIES IN PART Defendants' partial motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 23.) Defendants Buskirk and Rohr are DISMISSED from this suit. Lyles may move forward on his claims against Oliver and Papendick.

SO ORDERED.

Dated: September 17, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE