## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Andrew Lyles, #667516

    Plaintiff,

v.

Papendick et al

    Defendants,

Case No.: 2:19-cv-10673
District Judge: Laurie J. Michelson
Magistrate Judge: Patricia T. Morris

---

LAURENCE H. MARGOLIS P.C.
Ian Cross (P83367)
Attorney for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
(734) 994-9590
ian@lawinannarbor.com

Michigan Dept. of Attorney General
Jennifer A. Foster (P75947)
Attorney for MDOC Defendants
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
fosterj15@michigan.gov

CHAPMAN LAW GROUP
Madeline Young (P82140)
Attorneys for Sharon Oliver, M.D.
and Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
myoung@chapmanlawgroup.com

---

### DEFENDANT KEITH PAPENDICK, M.D.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant KEITH PAPENDICK, M.D., by and through his counsel, CHAPMAN LAW GROUP, and submits the following responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents:

## GENERAL OBJECTIONS

The following objections shall apply to each and every answer set forth herein, whether it expressly states that any particular objection applies or not:

1. Defendant Keith Papendick, M.D. objects to each and every request to the extent that it purports to require anything more than the Federal Rules of Civil Procedure, the local court rules, and the applicable caselaw required of Defendant in responding to interrogatories and requests for production.

2. Defendant objects to each and every request to the extent that it seeks information protected by and subject to the attorney-client privilege, the work product doctrine, any other applicable privilege, or for the reason that it is confidential or proprietary in nature.

3. Defendant's responses to these requests are based upon a diligent review of information presently available to it. Because investigation of the facts pertaining to this pending action is continuing and pretrial discovery has not yet been completed, Defendant reserves the right to amend or supplement this response in accordance with the applicable court rules and applicable caselaw.

4. Defendant objects to each and every request to the extent that it calls for information that is not reasonably calculated to lead to the discovery of admissible evidence or that is not relevant to any claim or defense in the pending action.

5. Defendant objects to each and every request to the extent that it calls for information that is (a) unreasonably cumulative or duplicative; (b) obtainable from some other source that is more convenient, less burdensome, or less expensive; or (c) already available to Plaintiff or which was already provided to Plaintiff.

6. Defendant objects to each and every request to the extent that it seeks information or documents in the possession, custody, or control of any third party.

7. Neither Defendant's response to any request for information, nor his production of any documents, shall be construed as an admission by him of the relevance or admissibility of such information or documents.

8. A response that Defendant will produce responsive documents is not an indication that any such documents exist, but only a representation that they will be made available if they do exist.

9. Defendant reserves the right to rely upon additional documents and information that may be discovered in connection with this proceeding, including documents and information that may be produced or provided by Plaintiff.

## DEFENDANT KEITH PAPENDICK, M.D.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

INTERROGATORY 1. What criteria and/or information do you use to determine whether a given test, procedure, or off-site referral is medically necessary?

3

**RESPONSE: Defendants object to this Request because it is vague and overbroad. Subject to and without waiving any objection, it depends on the request. In the present matter, no specific policy or criteria was used in the present matter.**

INTERROGATORY 2. Did you or anyone else within Corizon's Utilization Management department complete an Interqual review concerning a colonoscopy for Plaintiff Andrew Lyles at any time between October 1, 2016 and February 1, 2017? If so, please identify the individual(s) who completed the review(s), the date(s) the Interqual review(s) were completed, and, if any such Interqual review was completed by someone other than you, the date it was provided to you.

**RESPONSE: Defendants object to this Request because it is vague and overbroad. Subject to and without waiving any objection, Dr. Papendick reviewed the 407s and either approved or deferred with an alternative treatment plan until the Mr. Lyles met the appropriate criteria for the 407 request. Defendants refer Plaintiff to the medical records, which contain the requested information.**

INTERROGATORY 3. Between January 1, 2016, and January 1, 2018, did you ever communicate with a medical provider at a Michigan prison (meaning a Nurse Practitioner, Physician Assistant, or Physician) concerning the percentage of that individual provider's 407 requests that are "ATP'd"? If so, for each instance, please identify the provider by name, email address, and prison where the provider was stationed at the time, state the dates or approximate dates that the communications took place, and describe in detail the content of the communications.

4

**RESPONSE: Defendants object to this Request because it is vague, overbroad, not likely to lead to admissible evidence, and irrelevant. Subject to and without waiving any objection, no. Dr. Papendick is not involved in assessing individual provider's ATP percentage.**

INTERROGATORY 4. Between January 1, 2016, and January 1, 2018, did you ever communicate with any of the following persons: your direct supervisor, Mignon Ernst, or Jeffrey Bomber, concerning your ATP rate? If so, please state the dates or approximate dates that the communications took place, and describe in detail the content of the communications.

**RESPONSE: Defendants object to this Request because it is vague, overbroad, not likely to lead to admissible evidence, and irrelevant. Subject to and without waiving any objection, no.**

INTERROGATORY 5. Between January 1, 2016, and January 1, 2018, did you ever communicate with any of the following persons: your direct supervisor, Mignon Ernst, or Jeffrey Bomber, concerning your cost per thousand patients? If so, please state the dates or approximate dates that the communications took place, and describe in detail the content of the communications.

**RESPONSE: Defendants object to this Request because it is vague, overbroad, not likely to lead to admissible evidence, irrelevant, and such Request is not designed for any other purpose other than to harass Dr. Papendick. Subject to and without waiving any objection, no.**

5

# DEFENDANT KEITH PAPENDICK, M.D.'S ANSWERS TO PLAINTIFF'S FIRST REQUEST TO PRODUCE

REQUEST TO PRODUCE 1. Please produce any and all performance reviews, commendations, peer reviews, or other evaluations or reports of your job performance in calendar years 2016 and/or 2017.

**RESPONSE: Defendants object to this Request because it is because it is vague, overbroad, not proportional to the needs of the case, not likely to lead to admissible evidence, irrelevant, and such Request is not designed for any other purpose other than to harass Dr. Papendick. Defendants move to preclude their personnel files on the grounds that they are not admissible under Fed. R. Evid. 404(b) and are more prejudicial than they are probative. Secondly, any post-incident remedial actions used to prove any of the Defendants are negligent is barred under Fed. R. Evid. 407. Lastly, the contents of personnel files contain sensitive and private information that the Sixth Circuit court protects from disclosure. *Knoll v. American Telephone and Telegraph*, 176 F.3d 359, 365 (6th Cir. 1999).**
**Subject to and without waiving any objection, Dr. Papendick does not have any of these documents in his possession or control.**

REQUEST TO PRODUCE 2. Please produce all job training materials that you were provided or shown by your employer since you began working in Utilization Management.

**RESPONSE: Defendants object to this Request because it is because it is vague, overbroad, not proportional to the needs of the case, not likely to lead to admissible evidence, irrelevant, and such Request is not designed for any other purpose other than to harass Dr. Papendick. Subject to and without waiving any objection, Dr. Papendick does not have any of the requested materials in his possession or control.**

6

REQUEST TO PRODUCE 3. Please produce any and all emails or other electronic messages exchanged between yourself and any medical provider (meaning any nurse practitioner, physician assistant, or physician) stationed in a Michigan prison that relate or pertain to the percentage of that individual provider's 407 requests that are approved.

**RESPONSE: Defendants object to this Request because it is because it is vague, overbroad, not proportional to the needs of the case, not likely to lead to admissible evidence, irrelevant, and such Request is not designed for any other purpose other than to harass Dr. Papendick. Subject to and without waiving any objection, Dr. Papendick is not involved nor has any influence over assessing the percentage of individual provider's 407 requests that are approved.**

REQUEST TO PRODUCE 4. Please produce your UpToDate search history and history of documents viewed for any date between October 1, 2016 and April 30, 2017 on which you received a 407 request pertaining to Plaintiff Andrew Lyles, on which you reviewed a 407 request pertaining to Plaintiff Andrew Lyles, and any date on which a 407 request pertaining to Plaintiff Andrew Lyles was pending, including but not limited to December 22 and 23, 2016, and January 6 through 9, 2017.

**RESPONSE: Dr. Papendick did not base his ATPs on any UpToDate literature.**

REQUEST TO PRODUCE 5. Please produce any and all emails or other electronic messages you sent to or received from co-Defendant Sharon Oliver at any time between October 1, 2016 and December 31, 2017.

7

**RESPONSE: Dr. Papendick and Dr. Oliver only communicated by way of medical record, which are in Plaintiff's possession and control as demonstrated by the Initial Disclosures.**

REQUEST TO PRODUCE 6. Please produce any and all emails or other electronic messages you sent or received any time between October 1, 2016 and April 30, 2017 to or from any any employee of the Michigan Department of Corrections, Corizon Health, Inc. or Quality Correctional Care of Michigan, P.C. who was contemporaneously stationed at the Saginaw Correctional Facility or who had direct supervisory authority over medical staff at the Saginaw Correctional Facility, in which Plaintiff Andrew Lyles (#667516) was mentioned or discussed.

**RESPONSE: Dr. Papendick only communicated by way of medical records as it relates to Mr. Lyles' care and treatment, which are in Plaintiff's possession and control as demonstrated by the Initial Disclosures. Dr. Papendick was not involved in any other communication regarding Mr. Lyles.**

REQUEST TO PRODUCE 7. Please produce any emails or other documents that relate to or support your answer to Interrogatory #4.

**RESPONSE: See Answer to Interrogatory No. 4.**

REQUEST TO PRODUCE 8. Please produce any emails or other documents that relate to or support your answer to Interrogatory #5.

**RESPONSE: See Answer to Interrogatory No. 5.**

8

REQUEST TO PRODUCE 9. Please produce all documents you reviewed or relied on when you did not approve Dr. Sharon Oliver's 407 request for a colonoscopy for Plaintiff in November 2016, including but not limited to any Interqual review, any electronic communications with providers on site at Saginaw Correctional Facility, any Corizon internal guidelines, or any communications or documents authored or assembled by anyone else in Corizon's Utilization Management department.

**RESPONSE: Dr. Papendick only relied upon the 407 request and medical records, which are in Plaintiff's possession and control as demonstrated by the Initial Disclosures.**

REQUEST TO PRODUCE 10. Please produce all documents you reviewed or relied on when you did not approve Dr. Sharon Oliver's 407 request for a colonoscopy for Plaintiff in December 2016, including but not limited to any Interqual review, any electronic communications with providers on site at Saginaw Correctional Facility, any Corizon internal guidelines, or any communications or documents authored or assembled by anyone else in Corizon's Utilization Management department.

**RESPONSE: See response to Request to Produce No. 9.**

REQUEST TO PRODUCE 11. Please produce all documents you reviewed or relied on when you did not approve Dr. Sharon Oliver's 407 request for a

colonoscopy for Plaintiff in January 2017, including but not limited to any Interqual review, any electronic communications with providers on site at Saginaw Correctional Facility, any Corizon internal guidelines, or any communications or documents authored or assembled by anyone else in Corizon's Utilization Management department.

**RESPONSE:** See response to Request to Produce No. 9.

**REQUEST TO PRODUCE 12.** Please produce all documents you reviewed or relied on when you approved Dr. Sharon Oliver's 407 request for a colonoscopy for Plaintiff in April 2017, including but not limited to any Interqual review, any electronic communications with providers on site at Saginaw Correctional Facility, any Corizon internal guidelines, or any communications or documents authored or assembled by anyone else in Corizon's Utilization Management department.

**RESPONSE:** See response to Request to Produce No. 9.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**

Dated: 5-5- , 2021

Keith Papendick, M.D.
Defendant

As to objections,

Dated: May 5, 2021

Respectfully submitted,
CHAPMAN LAW GROUP

_____
Madeline R. Young (P82140)
Attorney for Keith Papendick, M.D.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
myoung@chapmanlawgroup.com

## PROOF OF SERVICE

I certify that this document was served upon all attorneys of record at their respective addresses as listed on this 6th day of May 2021, by means of:

X U.S. Mail ☐ Hand Delivery
☐ Facsimile ☐ _____

_____
SARAH FRAZIER

11