# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Andrew Lyles, #667516

    Plaintiff,

v.

Papendick et al

    Defendants,

Case No.: 2:19-cv-10673
District Judge: Laurie J. Michelson
Magistrate Judge: Kimberly Altman

| LAURENCE H. MARGOLIS P.C. | CHAPMAN LAW GROUP |
|---|---|
| Ian Cross (P83367) | Devlin Scarber (P64532) |
| *Attorney for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 214 S. Main St., Suite 200 | *Attorneys for Keith Papendick, M.D.* |
| Ann Arbor, MI 48104 | 1441 West Long Lake Rd., Suite 310 |
| (734) 994-9590 | Troy, MI 48098 |
| ian@lawinannarbor.com | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

## PARTIES' JOINT MOTION TO ADJOURN PRE-TRIAL, MOTIONS IN LIMINE, AND TRIAL DATES,

NOW COME the parties, Defendant KEITH PAPENDICK, M.D., by and through his attorneys, CHAPMAN LAW GROUP, and ANDREW LYLES, by and through his attorneys, MARGOLIS AND CROSS, and for their Joint Motion to Adjourn Pre-Trial, Motions in Limine, and Trial Dates, state as follows:

    1.    The instant action involves constitutional claims alleging deliberate indifference to Plaintiff's medical needs.

2. On September 20, 2022, the Court issued a Trial Scheduling Order in this matter (**ECF No. 84**), which set forth the following pertinent dates: motions in limine due on February 2, 2023, joint proposed final pretrial order due on February 16, 2023; final pretrial conference on February 23, 2023; and jury trial on March 1, 2023.

3. In the interim, the court has also advised the parties that they are on a trailing docket, and that other cases might precede or take precedence over the *Lyles* trial. (Court's email dated 12/15/22).

4. Defense counsel has recently been notified that, on February 13, 2023, they will certainly be in trial in Oklahoma, in the case of *Estate of Gwendolyn Young v. Correctional Healthcare Companies, et. al.*, Case No. 4:13-cv-00315-IDG-JFG in the United States District Court for the Northern District of Oklahoma, the Hon. Iain D. Johnston presiding. The *Young* case is a longstanding case, filed in May 2013, and far predates this case. The case was originally combined with two (2) other cases which caused numerous procedural complications and delays, several motions, and lengthy discovery. There are nearly 700 docket entries thus far. *Young* is a wrongful death case involving a complex brain injury and numerous witnesses and experts, and a *Monell* claim. Defense counsel has been working the case for quite some time and has been admitted *pro hac vice* to try the case (See attached Order). Settlement discussions are not ongoing and have reached an impasse. The

trial date is certain to go. An Illinois visiting judge has been appointed to try the case to prevent any further delays.

4. The *Young* trial is scheduled to run for two (2) to three (3) weeks and will conflict with the currently scheduled *Lyles* trial, including meaningful preparation for the *Lyles* trial (e.g., compliance with pretrial order requirements, pretrial conference attendance, depositions, the trial date itself, etc).

5. The parties are also conducting expert discovery depositions in this matter, and Plaintiff is scheduling *de bene esse* depositions of his experts to occur in late February. One expert's discovery deposition was taken on January 27, 2023. The parties had planned to conduct the *de bene esse* deposition of the expert on February 13, 2023, along with a discovery deposition of a second expert to also occur during the week of February 13th. In light of the *Young* trial, the parties have discussed that these expert depositions will need to be adjourned.

6. Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court may adjourn a trial date for good cause shown. Good cause to adjourn pretrial and trial dates has been shown given the circumstances of conflicting trial dates in separate matters. *See Cardenas-Borbon v. Burt*, No. 2:10-CV-13548, 2013 U.S. Dist. LEXIS 185524, at *83 (E.D. Mich. Dec. 23, 2013).

6. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."

*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). This case has moved forward effectively, and the parties have worked together to prepare the case for trial. Despite the parties' best efforts, the Defense counsel will be unable to effectively prepare for and participate in the *Lyle*s pretrial and trial process due to the conflicting trial date in a separate matter. Defense counsel's conflict further makes it difficult for Plaintiff's counsel to prepare for trial and schedule expert depositions since many proposed dates need to be rescheduled and the experts have very limited availability. Therefore, an adjournment of the trial date would resolve the issues posed by the conflicting dates.

8. On January 26, 2023, Defense counsel consulted with Plaintiff's counsel via telephone regarding the conflict posed by the *Young* case. In light of the conflict, Plaintiff's counsel had no objection to an adjournment and both counsel agreed that an adjournment of trial should be requested. Both parties agree that the adjournment will assist both parties in trial preparation, including the preparation of any pretrial documents, motions in limine, and scheduling any trial depositions. The parties agreed that Defense counsel would notify and obtain direction from the court. The agreement was memorialized by email.

9. On January 27, 2023, the undersigned brought this conflict to this Honorable Court's attention and was advised by the court that since there are no

objections from either side to adjourning the trial date, a joint motion would be the most appropriate manner in which to request the adjournment.

10. The undersigned counsel requests expedited consideration based upon the circumstances set forth herein and given the quickly approaching trial date in the *Young* case, and the *Lyles* case.

                                                           Respectfully submitted,

                                                           CHAPMAN LAW GROUP

Dated: February 1, 2023            */s/Devlin Scarber*
                                                         Devlin Scarber (P64532)
                                                         Attorney for Keith Papendick, M.D.
                                                         1441 West Long Lake Rd., Suite 310
                                                         Troy, MI 48098
                                                         (248) 644-6326
                                                         dscarber@chapmanlawgroup.com

                                                         Respectfully submitted,

                                                         MARGOLIS AND CROSS

Dated: February 1, 2023            */s/Ian Cross* (w/permission)
                                                         Ian Cross (P83367)
                                                         *Attorney for Plaintiff*
                                                         214 S. Main St., Suite 200
                                                         Ann Arbor, MI 48104
                                                         (734) 994-9590
                                                         ian@lawinannarbor.com

## **PROOF OF SERVICE**

I hereby certify that on February 1, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

/s/Devlin Scarber
Devlin Scarber (P64532)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com