### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

Andrew Lyles, #667516

    Plaintiff,

v.

Papendick et al

    Defendants,

Case No.: 2:19-cv-10673
District Judge: Laurie J. Michelson
Magistrate Judge: Kimberly Altman

| LAURENCE H. MARGOLIS P.C. | CHAPMAN LAW GROUP |
|---|---|
| Ian Cross (P83367) | Devlin Scarber (P64532) |
| Attorney for Plaintiff | Jeffrey L. Bomber (P85407) |
| 214 S. Main St., Suite 200 | *Attorneys for Keith Papendick, M.D.* |
| Ann Arbor, MI 48104 | 1441 West Long Lake Rd., Suite 310 |
| (734) 994-9590 | Troy, MI 48098 |
| ian@lawinannbor.com | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY**

Tehum Care Services, Inc. d/b/a Corizon Health, Inc. ("TCS" or the "Debtor"), the Employer and insurance carrier of the named Corizon Defendant herein, files this Suggestion of Bankruptcy and Notice of Automatic Stay and would respectfully show as follows:

On February 13, 2023 (the "Petition Date"), TCS filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The case is pending in the United States Bankruptcy

Court for the Southern District of Texas, Houston Division, under Case No. 23-90086 (CML) (the "Chapter 11 Case").

As a result of the commencement of the Chapter 11 Case, section 362 of the Bankruptcy Code operates as a stay, applicable to all entities, of (i) commencement or continuation of a judicial, administrative or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Chapter 11 Case, or to recover a claim against the Debtor that arose before the commencement of the Chapter 11 Case; (ii) the enforcement, against the Debtor or against the property of their bankruptcy estates, of a judgment obtained before the commencement of the Chapter 11 Case; (iii) any act to obtain possession of property of the estate or of property from the estates or to exercise control over property of the Debtor's estate; and (iv) any act to create, perfect, or enforce a lien against property of the Debtors' estate.

The stay set forth in 11 U.S.C. § 362(a) became effective automatically upon the commencement of the Chapter 11 Case.  If any party violates the stay, the Debtor may seek to have such actions deemed void, move for sanctions in the Bankruptcy Court and recover actual damages, including costs and attorneys' fees, arising from the violation of the stay.

Respectfully submitted,<br>
CHAPMAN LAW GROUP

Dated: February 20, 2023

*/s/Devlin Scarber*
Devlin K. Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Keith Papendick, M.D.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on February 20, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

*/s/Devlin Scarber*
Devlin Scarber (P64532)

3