## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Andrew Lyles, #667516

      Plaintiff,

v.

Papendick et al

      Defendants,

Case No.: 2:19-cv-10673
District Judge: Laurie J. Michelson
Magistrate Judge: Kimberly Altman

| | |
|---|---|
| LAURENCE H. MARGOLIS P.C. | CHAPMAN LAW GROUP |
| Ian Cross (P83367) | Devlin Scarber (P64532) |
| *Attorney for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 214 S. Main St., Suite 200 | *Attorneys for Keith Papendick, M.D.* |
| Ann Arbor, MI 48104 | 1441 West Long Lake Rd., Suite 310 |
| (734) 994-9590 | Troy, MI 48098 |
| ian@lawinannarbor.com | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

## DEFENDANT KEITH PAPENDICK, M.D.'S RESPONSE TO ECF NO. 88 IN SUPPORT OF STAYING PROCEEDINGS NINETY (90) DAYS

Following receipt of ECF No.87 "Suggestion of Bankruptcy on behalf of Corizon," the Court contacted the parties instructing them to prepare an order to stay the proceedings. (**Exhibit A**).  Plaintiff's counsel responded to the email indicating an objection to the automatic stay and requested an opportunity to be heard. Accordingly, this Honorable Court granted him the opportunity to argue why the automatic stay should not extend to this matter. Defendant Keith Papendick, M.D. maintains this matter should be subject to an automatic stay. However, if the Court

1

is inclined not to extend the automatic stay to this matter, the points made in Plaintiff's brief outline why the Court should none-the-less employ its own power and discretion to stay the case at least ninety (90) days.

Plaintiff goes to great lengths to discuss the ramifications of Corizon's bankruptcy on the recoverability of any hypothetical judgment entered in this matter. Yet somehow, Plaintiff then concludes that the Court should not stay the case, but rather push forward without answering any of the questions Plaintiff identifies in his brief.

Plaintiff's position is entirely contradictory. The fact that we have no idea how the bankruptcy will ultimately affect Dr. Papendick's ability to satisfy a hypothetical judgment or whether a separate indemnity action will need to be commenced, is the very reason litigation of the underlying claims needs to be stayed for a minimum of at least ninety (90) days to allow time to flush out these questions.

While Dr. Papendick acknowledges the Bankruptcy Court has yet to issue a ruling on whether the current automatic stay will be extended to the personal injury cases for which Corizon has an indemnity contract[1], that does not absolve this Court of the ability to stay the proceedings. The District Court has the power to stay proceeding as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

---

[1] Per the Bankruptcy docket, the Court is holding a hearing on the issue Friday March 3, 2023. (**Exhibit B**)

*Esperson v. Trugreen Ltd. P'ship*, 2010 U.S. Dist. LEXIS 64637 *4 (W.D. TN June 29, 2010).

When ruling on a motion to stay the Court considers three factors "(1) potential prejudice to the non- moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Sierra Club v. Korleski*, 2010 U.S. Dist. LEXIS 63363 *6 (S.D. OH June 8, 2010) (citing *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Fed. R. Civ. P. 16(c)(2)(L) allows for the Court to "adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual problems."

Indeed, other Judges in the eastern district have already stayed proceedings ninety (90) days due to the Corizon Bankruptcy filing. (**Exhibit A**).

Here, from the onset of this lawsuit, Dr. Papendick, the undersigned counsel, as well as Plaintiff have been led to believe that the instant claim was covered by a professional liability insurance policy issued to Defendant by Tehum Care Services, Inc., d/b/a Corizon Health, Inc. As Plaintiff points out, the bankruptcy filing casts serious doubt on the continued viability of Corizon to act as Defendant's professional liability carrier, but Corizon has never repudiated coverage for the

instant claim or announced its inability to satisfy a judgment or pay indemnity up to the level of its policy limits.

At the very least, these filings would require the involvement of the Bankruptcy Trustee in any decision-making process regarding insurance coverage for the claims that for the basis of this lawsuit and neither Defendant Papendick nor the undersigned Counsel have had any contact with the Bankruptcy Trustee if one has yet been appointed.

Further, the uncertainty of the professional liability coverage creates a potential conflict of interest in the undersigned counsel in continuing to represent Dr. Papendick in this matter as the undersigned counsel was retained pursuant to the professional liability insurance coverage. See Michigan Rules of Professional Conduct R. 1.7, last updated 9/1/2022. Accordingly, the undersigned Counsel is in the process of retaining legal ethics experts to advise on the potential conflict of interest and whether wholesale withdrawal as counsel is ethically necessary. If no insurance coverage exists and/or the undersigned counsel must withdraw due to conflict of interest, Dr. Papendick should be given an opportunity to choose new defense counsel.

## **CONCLUSION**

Given the events that apparently occurred on or about February 13, 2023, and the potential conflict of interest it creates in Dr. Papendick's representation; Dr.

Papendick is requesting a stay of proceedings in an effort to allow Defendant to obtain personal counsel to determine whether or not his insurance carrier is viable or whether Defendant will be required to proceed in this matter without insurance coverage. Additionally, even if Corizon Health, Inc. remains a viable insurance carrier, the Bankruptcy Trustee's participation in this matter will be required and a period of time will be necessary to transmit claim information so that he may actively participate with appropriate knowledge of this claim.

WHEREFORE, for the reasons set forth above, DEFENDANT KEITH PAPENDICK, M.D., respectfully requests this Honorable Court enter an order staying proceedings in this matter for ninety (90) days.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated:  March 2, 2023                    /s/*Devlin Scarber*
                                         Devlin K. Scarber (P64532)
                                         Jeffrey L. Bomber (P85407)
                                         Attorneys for Keith Papendick M.D.
                                         1441 West Long Lake Rd., Suite 310
                                         Troy, MI 48098
                                         (248) 644-6326
                                         dscarber@chapmanlawgroup.com
                                         jbomber@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on March 2, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

*/s/Devlin Scarber*
Devlin Scarber (P64532)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com