# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREW LYLES, #667516

    Plaintiff,

v.

PAPENDICK, *et al*.

    Defendants,

Case No.: 2:19-cv-10673
District Judge: Laurie J. Michelson
Magistrate Judge: Kimberly Altman

| | |
|---|---|
| Laurence H. Margolis, PC<br>Ian Cross (P83367)<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>ian@lawinannarbor.com | HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>*Attorneys for Keith Papendick, MD*<br>10850 E. Traverse Hwy, Ste 4440<br>Traverse City, MI 49684<br>(231) 642-5026<br>thackney@hodlawyers.com<br>cmclaughlin@hodlawyers.com |

**DEFENDANT KEITH PAPENDICK, MD'S MOTION TO STAY PENDING THE RESOLUTION OF BANKRUPTCY MOTIONS**

NOW COMES Defendant Keith Papendick, MD, by and through his attorneys, Hackney Odlum & Dardas, and for his Motion to Stay Pending the Resolution of Bankruptcy Motions, states as follows:

1

1. Plaintiff Andrew Lyles brought claims under 42 USC §1983 alleging various violations of Plaintiff's statutory and constitutional rights while Plaintiff Lyles was incarcerated in the Michigan Department of Corrections (MDOC) system.

2. Defendant Keith Papendick, MD is a former employee of Corizon Health, Inc. who worked in the MDOC system providing medical care to inmates.

3. Corizon Health, Inc., now known as Tehum Care Services, Inc., filed for Chapter 11 bankruptcy in the Southern District of Texas in February 2023. It is Case No. 23-90086 and assigned to Judge Christopher Lopez.

4. The First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor (the "Plan") was confirmed on March 3, 2025 and went effective on March 31, 2025. (Ex. 3, Confirmation Order and Plan, Bankruptcy Docket Nos. 2014 and 2088).

5. On May 16, 2025, CHS Tx, Inc. d/b/a YesCare filed an *Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases Against Released Parties.* (Ex. 1). YesCare argued, in short, that all tort plaintiffs who had notice of the bankruptcy proceedings and did not opt out of its treatment of creditors are enjoined from pursuing claims against "Released Parties," which includes Tehum/Corizon, YesCare, and all former employees of Tehum/Corizon. This case was named in the list of cases YesCare specifically sought to enjoin. (Id., Exhibit A to the motion)

2

6. On May 22, 2025, Defendant Papendick filed a joint *Motion and Concurrence in YesCare's Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases against Released Parties* with thirty-two other Michigan former employees of Corizon. (Ex. 2; Bankruptcy Docket No. 2178). This case was listed in that motion as well. (Id.).

7. Both motions are pending in the bankruptcy court. No hearing date is set, but the motion will likely heard in June or July 2025.

8. If YesCare and Dr. Papendick's motions are granted, Plaintiff Lyles will be enjoined from continuing his claims against Dr. Papendick. Defendant has filed the present motion seeking to stay this case as soon as possible on the heels of the filing of the related bankruptcy motions.

9. Defendant Papendick requests this Court stay proceedings—including adjourning the dates contained in the Trial Scheduling Order (ECF No. 100)—until Judge Lopez rules on YesCare and Dr. Papendick's motions in the bankruptcy court.

10. As a separate but related matter, undersigned counsel has conflicts with the current trial schedule in this case:

    a. He is currently scheduled to be in trial July 7-10, 2025 in the matter of *Quinones v. Boone's Long Lake Inn, Inc.*, Case No. 23-36849-NO, 13th Judicial Circuit Court for the County of Grand Traverse, Michigan.

3

    b. Undersigned counsel is also scheduled to be in trial July 15-18, 2025 in the matter of *Thompson v. Hanley*, Case No 24-36909-NI, 13th Judicial Circuit Court for the County of Grand Traverse, Michigan.

11. Defendant Papendick sought concurrence in his motion to stay on May 23, 2025. Plaintiff's counsel agrees to a stay of proceedings in this case, but at this time will not consent to the bankruptcy court's adjudication of Plaintiff's claims against Dr. Papendick. Accordingly, the Parties will submit a separate stipulation and proposed order to stay these proceedings.

WHEREFORE, Defendant Keith Papendick, MD respectfully requests that this Court grant Defendant Papendick's Motion to Stay and grant whatever other relief it deems appropriate.

Respectfully

**HACKNEY ODLUM & DARDAS**

Dated: May 23, 2025

By:_____
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
Attorneys for Defendant Keith Papendick, MD
10850 E. Traverse Hwy. Ste. 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREW LYLES, #667516

    Plaintiff,

v.

PAPENDICK, *et al.*

    Defendants,

Case No.: 2:19-cv-10673
District Judge: Laurie J. Michelson
Magistrate Judge: Kimberly Altman

| | |
|---|---|
| Laurence H. Margolis, PC<br>Ian Cross (P83367)<br>214 S. Main St., Ste. 200<br>Ann Arbor, MI 48104<br>(734) 994-9590<br>ian@lawinannarbor.com | HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>*Attorneys for Keith Papendick, MD*<br>10850 E. Traverse Hwy, Ste 4440<br>Traverse City, MI 49684<br>(231) 642-5026<br>thackney@hodlawyers.com<br>cmclaughlin@hodlawyers.com |

## BRIEF IN SUPPORT OF
## DEFENDANT KEITH PAPENDICK, MD'S MOTION TO STAY
## PENDING THE RESOLUTION OF BANKRUPTCY MOTIONS

# INDEX OF EXHIBITS

**Exhibit 1**     YesCare's *Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases Against Released Parties* (Bktcy Dkt. 2061)

**Exhibit 2**     Dr. Papendick's *Motion and Concurrence in YesCare's Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases against Released Parties* (Bktcy Dkt. 2178)

**Exhibit 3**     Confirmation Order in *In Re Tehum Care Services, Inc.,* SD of Tx. Bankruptcy Court, Case No. 23-90086 (with Plan attached)

## STATEMENT OF ISSUES PRESENTED

SHOULD THE COURT SHOULD GRANT DEFENDANT PAPENDICK'S MOTION TO STAY PROCEEDINGS AND THE TRIAL SCHEDULING ORDER PENDING A DECISION ON THE TWO MOTIONS FILED IN THE BANKRUPTCY COURT THAT IF GRANTED WOULD ENJOIN THIS LAWSUIT AND WHERE THE BANKRUPTCY COURT IS THE PROPER VENUE TO LITIGATE THIS ISSUE?

DEFENDANT STATES: YES
PLAINTIFF PRESUMABLY STATES: NO

## **CONTROLLING/APPLICABLE AUTHORITY**

"The Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including those matters set forth in Article XI of the Plan." Order Confirming the First Modified Joint Chapter 11 Plan, March 3, 2025 (Ex. 3, ¶128)

## FACTS AND ARGUMENT

Defendant Keith Papendick, MD ("Defendant") respectfully requests that the Court enter an Order staying this action, including all deadlines in the Trial Scheduling Order (ECF No. 100), until the U.S. Bankruptcy Court for the Southern District of Texas (Houston Division) in *In Re Tehum Care Services, Inc.* (f/k/a Corizon Health, Inc.), Case No. 23-90086 (CML), (the "Bankruptcy Case"), issues an Order deciding the *Omnibus Motion to Enjoin* attached hereto as Exhibit 1 (the "YesCare Motion") and Dr. Papendick's *Motion and Concurrence in YesCare's Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases against Released Parties*, attached hereto as Exhibit 2.  As discussed in the preceding Motion and below, these motions seek an Order from the Bankruptcy Court clarifying that actions brought against the Debtor's former employees are enjoined consistent with the administration and intended consummation of the now-effective Bankruptcy Plan, including the existing injunctions and releases therein.  As the Bankruptcy Court has exclusive jurisdiction to determine issues related to the Plan and its injunctions, the present action should be stayed unless the Bankruptcy Court determines that it can continue.  Defendant Papendick will promptly inform this Court of the Bankruptcy Court's Order.

Tehum Care Services, Inc. f/k/a Corizon Health, Inc. (the "Debtor") commenced a Chapter 11 case in the United States Bankruptcy Court for the

Southern District of Texas. By Order dated March 3, 2025 the Bankruptcy Court confirmed the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor (the "Plan"). (Ex. C). All capitalized terms herein have their meaning as defined in the Plan unless noted. The Plan is now effective.

Defendant is a former employee of the Debtor Tehum, f/k/a Corizon Health Services. As YesCare and Dr. Papendick's Motions to Enjoin explain, the Debtor and its former employees are included as "Released Parties" under the Plan. (Plan, Art. I, ¶ 175). In furtherance of the Plan's consummation, the Plan contains certain injunctions and a Consensual Claimant Release that will fully release the Plaintiff's Causes of Action against the Defendant as long as the injunctions and Releases do not terminate or become void. See Plan, Art. IV.B.7 and IX.D.

The Motions to Enjoin before the Bankruptcy Court request that the Bankruptcy Court enter an Order confirming that all Plaintiffs with actions that will be released upon the Final Payment Date are enjoined from further prosecuting their actions as long as the injunctions and Releases do not terminate or become void. Amongst the existing injunctions discussed in the motions, the Bankruptcy Court precluded and enjoined "actions to interfere with the implementation and consummation of the Plan." Plan, Art. IX.J. The Bankruptcy Court also retained "exclusive jurisdiction over all matters arising out of or related to the Chapter 11

Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code." Plan, Art. XII.A. The Bankruptcy Court's exclusive jurisdiction includes jurisdiction to "issue and enforce injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation, implementation or enforcement of the Plan, including all settlements (including the Estate Party Settlement), releases, exculpations and injunctions provided for under the Plan." See Plan, Art. XII.A.9.

Should the Plaintiff contend that the Confirmation Order and Plan does not enjoin this case from proceeding, the Plaintiff must litigate that dispute in the Bankruptcy Court. Plan, Art. XII.A. Accordingly, Defendant Papendick respectfully requests that this Court enter an order staying this action until and unless the Bankruptcy Court issues an Order that permits it to continue.

## RELIEF REQUESTED

WHEREFORE, Defendant Keith Papendick, MD respectfully requests that this Court grant Defendant Papendick's Motion to Stay and grant whatever other relief it deems appropriate.

|  |  |
|---|---|
|  | Respectfully |
|  | **HACKNEY ODLUM & DARDAS** |
| Dated: May 23, 2025 | By:_____ |
|  | Thomas G. Hackney (P81283) |
|  | Connor A. McLaughlin (P83229) |
|  | Attorneys for Defendant Keith Papendick, MD |
|  | 10850 E. Traverse Hwy. Ste. 4440 |
|  | Traverse City, MI 49684 |
|  | (231) 642-5026 |
|  | thackney@hodlawyers.com |
|  | cmclaughlin@hodlawyers.com |

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on the 23rd day of May 2025, I electronically filed the attached *Defendant Papendick's Motion to Stay Proceedings* and *Brief in Support,* together with this Certificate of Service, with the Clerk of the Court using the ECF system, which will provide a copy to all counsel of record.

Dated:  May 23, 2025                    By: *Connor A. McLaughlin*
                                        Connor A. McLaughlin (P83229)
                                        Hackney Odlum & Dardas
                                        Attorneys for Defendant Papendick